UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| XAVIER PEREZ VEGA,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent | CIVIL NO. 04-1636(HL)(GAG)<br>re: Criminal No. 01-745(HL)<br><br>Section 2255 |

# ORDER

Petitioner's Section 2255 Motion was denied on December 27, 2005, judgment being entered accordingly. (Docket Nos. 38-39). Petitioner filed timely notice of his intent to appeal. (Docket No. 40).

This matter is before the Court on petitioner's Application for a Certificate of Appealability. (Docket No. 42).

Under the provisions of 28 U.S.C. § 2253, petitioner must be granted a certificate of appealability in order to proceed with the appeal. See also, Fed. R. App. P. 22(b) and 1st Cir. R. 22.1. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Smith v. United States, 989 F. Supp. 371, 373-74 (D. Mass. 1997), the district court framed the required standard:

> Several circuits have considered this issue by asking whether the standard for the issuance of a certificate of appealability is the same as the standard for the issuance of a certificate of probable cause. The majority have concluded that the standard is the same, except that in granting a certificate of appealability a court is now required to indicate which specific issue or issues satisfy the threshold showing.
>
> In Barefoot v. Estelle, the Supreme Court stated that a "certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a]

CIVIL NO. 04-1636(HL)(GAG)  Page -2-
re: Criminal No. 01-745(HL)

> federal right' ... [by demonstrating] that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions 'are adequate to deserve encouragement to proceed further.'"

(citations omitted).

No reasonable jurist would agree with the arguments raised by the petitioner in his Section 2255 Motion. In this case, defendant entered a knowing and voluntary plea of guilty, and has not shown that counsel's performance fell below the objective standard of reasonableness, or was otherwise prejudiced the petitioner's case. The plea colloquy supports the conclusion that defendant fully understood the consequences of his plea and nothing in the record indicates suggests that his plea was involuntary or that his attorney's advise as to his decision to plead guilty was unreasonable.

In fact, after petitioner's Change of Plea Hearing, the Magistrate Judge entered a Report and Recommendation recommending that the Court accept his plea of guilty and specifically finding that petitioner "affirmed that, aside from the conditions contained in the plea agreement, no promises, threats or predictions as to what sentence will be imposed have been made." (Cr. 01-745, Docket No. 151 at 11). Thus, contrary to the petitioner's assertions, the record of the criminal case indicates that the Rule 11 colloquy provides a thorough and detailed basis for the Court's determination that counsel acted both reasonably and in a manner consistent with the best interests of petitioner's defense.

Petitioner's assertions to the effect that but for counsel's promises he would not have pled guilty are discredited by the record of the case and thus inherently incredible. In fact, the Magistrate Judge's Report and Recommendation further indicates that, during the Change of Plea Hearing petitioner "accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to

CIVIL NO. 04-1636(HL)(GAG)  Page -3-
re: Criminal No. 01-745(HL)

plead guilty."  (Cr. 01-745, Docket No. 151 at 9).

As to petitioner's affidavit in support of his Second Supplemental Motion (Docket No. 29), and the allegations advanced therein that counsel coerced him to plead guilty, a hearing need not be held simply because the petitioner himself had already personally informed the Court otherwise, under oath, at the Rule 11 colloquy.  We find petitioner's reference to the Court of Appeals remand for a hearing in Rivera Alicea v. United States, 404 F.3d 1 (1st Cir 2005), to be inapposite. In Rivera Alicea the Circuit found allegations concerning trial counsel's failure to investigate and interview witnesses based on the petitioner's personal knowledge to be "neither inherently improbable nor compromised by the trial transcript ... uncontradicted on the existing record."  Id., at *3.  Such is not the case here, where petitioner's self-serving account concerning counsel's purported promises and threats is belied by his own previous Rule 11 sworn account before the Court.

"To establish prejudice in the guilty plea context, a defendant must show that 'counsel's constitutionally defective performance affected the outcome of the plea process.  In other words, ... the defendant must show that there is a reasonable probability that, but for counsel's error, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" Aravanitis, supra, citing Hill v. Lockhart, infra at 59 (emphasis in the original).

Petitioner's personal and private expectations or understanding as to counsel's advise in terms of the outcome at sentencing cannot render the proceedings invalid.

> [A] decision to plead guilty must necessarily rest upon
> counsel's answers, uncertain as they may be.  Waiving trial
> entails the inherent risk that the good faith evaluations of a
> reasonably competent attorney will turn out to be mistaken

CIVIL NO. 04-1636(HL)(GAG)                                                                                          Page -4-
re: Criminal No. 01-745(HL)

>      either as to the facts or as to what a court's judgment might
>      be on given facts.

McMann v. Richardson, 397 U.S. 759, 770 (1970).  In other words, '"mere inaccurate prediction" does not amount to ineffective assistance" of counsel.  United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990).

In sum, petitioner has consistently failed to show that counsel's representation fell below the expected standard of competence.  See, e.g., Hill v. Lockhart, 474 U.S. 52 (1985); Strickland v. Washington, 466 U.S. 668 (1984).

WHEREFORE, having examined petitioner's application in light of the record as a whole and the standard set forth in 28 U.S.C. § 2253(c), the Court finds that petitioner has not made a substantial showing of the denial of a constitutional right.  Petitioner's Application for a Certificate of Appealability is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of March, 2006.

                                                         s/ Héctor M. Laffitte
                                                         HECTOR M. LAFFITTE
                                                         U.S. DISTRICT JUDGE